UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTIAN DUMONTET, Individually and on behalf of all those similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>UBS FINANCIAL SERVICES, INC., MATTHEW S. BUCHSBAUM, SCOTT M. ROSENBERG, GERARD COSTELLO and SONIA M. ATTKISS,<br><br>                Defendants. | No. 1:21-cv-10361 (GHW) (GWG)<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

                                                            **Page**

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT .......................................................................................................................2

I.    PLAINTIFF'S ARGUMENTS AGAINST DISMISSAL UNDER SLUSA FAIL. .............2

II.   PLAINTIFF'S CLAIMS SEEK MONETARY RELIEF AND ARE, THUS, BARRED BY NEW YORK'S STATUTE OF LIMITATIONS. ........................................6

III.  PLAINTIFF FAILS TO STATE A VIABLE CLAIM FOR RELIEF. ...............................8

CONCLUSION...................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Access Point Med., LLC v. Mandell*,
 963 N.Y.S.2d 44 (1st Dep't 2013) ................................................................................................6

*Chadbourne & Parke LLP v. Troice*,
 571 U.S. 377 (2014) ......................................................................................................................4

*City Trading Fund v. Nye*,
 59 Misc. 3d 477, 72 N.Y.S.3d 371 (Sup. Ct. 2018) ....................................................................10

*Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
 395 F.3d 25 (2d Cir. 2005) *rev'd on other grounds by* 547 U.S. 71 (2006) ...............................6

*Corsello v. Verizon New York, Inc.*,
 18 N.Y.3d 777 (2012) ...................................................................................................................8

*Kaufman v. Cohen*,
 307 A.D.2d 113, 760 N.Y.S.2d 157 (1st Dept. 2003) ..................................................................8

*IDT Corp. v. Morgan Stanley Dean Witter & Co.*,
 12 N.Y.3d 132 (N.Y. 2009) ..........................................................................................................6

*In re Kingate Management Ltd. Litig.*,
 784 F.3d 128 (2d Cir. 2015) ..............................................................................................1, 4, 5

*Levy v. BASF Metals Ltd.*,
 1:15-cv-7317-GHW, 2017 U.S. Dist. LEXIS 89098, 2017 WL 2533501 (S.D.N.Y. June 9, 2017), *aff'd*, 917 F.3d 106 (2d. Cir. 2019) ..................................................................................8

*MBI International Holdings Inc. v. Barclays Bank PLC*,
 151 A.D.3d 108, 57 N.Y.S.3d 119 (1st Dep't 2017) ....................................................................7

*Rayner v. E*TRADE Fin. Corp.*,
 248 F. Supp. 3d 497 (S.D.N.Y. 2017) *aff'd*, 899 F.3d 117 (2d Cir. 2018) .................................3

*Rayner v. E*TRADE Fin. Corp.*,
 899 F.3d 117 (2d Cir. 2018) ..............................................................................................1, 3, 5

*Romano v. Kazacos*,
 609 F.3d 512 (2d Cir. 2010) .....................................................................................................3, 4

*Shak v. JPMorgan Chase & Co.*,
 156 F. Supp. 3d 462 (S.D.N.Y. 2016) ..........................................................................................6

*Twersky v. Yeshiva University*,
  993 F. Supp. 2d 429 (S.D.N.Y.), *aff'd*, 579 F. App'x 7 (2d Cir. 2014)..................................1, 7

*Zweiman v. AXA Equitable Life Ins. Co.*,
  146 F. Supp. 3d 536 (S.D.N.Y. 2015)................................................................................4

## RULES

N.Y. C.P.L.R. § 214(4) ................................................................................................................8

## PRELIMINARY STATEMENT

Plaintiff's opposition brief does nothing to avoid the inescapable conclusion that the Amended Complaint is precluded by SLUSA, time barred, and fails to state a claim.

<u>First</u>, the only SLUSA element that Plaintiff disputes has been met here is the "in connection with" prong. Plaintiff's principal argument is that the *substance* of Defendants' alleged omissions related solely to the opening of his YES account and the YES Team managing the account, rather than the trading that Plaintiff admittedly expected to occur in the account. This is of no moment. There is no requirement that the *substance* of any alleged omission must relate to the investment itself in order to satisfy SLUSA's "in connection with" element. Plaintiff's own allegations that the omissions were "material" to his decision to invest in YES are more than sufficient to meet SLUSA's "in connection with" requirement. (Am. Compl. at ¶¶ 11, 25.)

For his only other argument against dismissal under SLUSA, Plaintiff relies on an incorrect reading of *In re Kingate Management Ltd. Litig.*, 784 F.3d 128 (2d Cir. 2015), to argue that SLUSA does not bar so-called "duty-based" claims. The Second Circuit rejected this very reading of *Kingate* in *Rayner v. E\*TRADE Fin. Corp.*, 899 F.3d 117 (2d Cir. 2018).

<u>Second</u>, Plaintiff's opposition confirms that his claims are time-barred. Plaintiff does not actually dispute and, indeed, *admits* that the self-styled "equitable relief" he seeks is, in fact, "monetary relief" at its core. (Opp. at 17.) This means that the Amended Complaint is subject to, and barred by, New York's three year statute of limitations. Plaintiff's only real argument when it comes to statute of limitations is that Defendants should be "equitably estopped" from invoking the three-year limitations period. But Plaintiff does not come close to showing that Defendants "specifically directed" any separate fraud or deception at Plaintiff to prevent him "from bringing suit," as is required for equitable estoppel to apply. *Twersky v. Yeshiva University*, 993 F. Supp. 2d 429, 442 (S.D.N.Y.), *aff'd*, 579 F. App'x 7 (2d Cir. 2014). To the contrary, the Amended

1

Complaint not only contains no allegations suggesting Defendants engaged in any "fraud" or "deception" that prevented Plaintiff from timely filing his claims, in its futile effort to avoid SLUSA, the Amended Complaint actually disavows all allegations of fraud or deception.

Third, in response to UBS's showing that the Amended Complaint fails to state a claim because Defendants had no duty to disclose the allegedly omitted information as a matter of law, Plaintiff has not identified any actual legal authority supporting his contention that the information in question was "material" or that Defendants were obligated to disclose such information to Plaintiff. The only argument Plaintiff makes is that such information falls under the type of "Disciplinary Events" required to be disclosed under Item 9, as set forth in SEC Release No. IA-3060. But the very text of IA-3060 belies that claim. Instead, by its own terms, the sorts of legal events required to be disclosed are limited to criminal proceedings, convictions, pleas or final civil judgments involving affirmative findings of "investment-related" misconduct. It is uncontroverted that the allegedly omitted information here concerned only unproven allegations made in a private employment arbitration that did not relate in any way to "investment-related" misconduct.

## ARGUMENT

**I.  PLAINTIFF'S ARGUMENTS AGAINST DISMISSAL UNDER SLUSA FAIL.**

With the exception of the "in connection with" prong, Plaintiff's opposition does not dispute that the other elements of SLUSA have been met here. As for the "in connection with" prong, Plaintiff's opposition asserts just two arguments—neither of which has any merit.

Plaintiff first argues that his "claims are not 'in connection with the purchase or sale of a covered security'" based on the substance of Defendants' purported omissions. According to Plaintiff, the content of such omissions pertained only to the opening of his YES account and the "integrity and honesty" of the YES Team, rather than "the trading or operation" of the YES strategy. (*See* Opp. at 1–2, 13.) In support, Plaintiff cites UBS's motion, where UBS pointed out

that the alleged omissions concerned "an employment dispute over deferred compensation between the YES Team and Credit Suisse," but did not "relate[] in any material way to the trading or operation of YES many years later" or any "particular investments." (*Id.* at 13 (citing ECF 51).) In other words, Plaintiff appears to be claiming that the supposed omissions (which he alleges were "material" and caused him to invest in YES) were not "made in connection with" the S&P 500 Index options traded in his YES account (which he concedes are "covered securities") simply because the substance or content of the purported omissions did not pertain to some aspect of YES's trading or operation as an investment strategy. In essence, Plaintiff argues that the "in connection with" prong of SLUSA should be narrowly construed and may *only* be met if the substance of the alleged misrepresentation or omission is about the covered securities in question.

Plaintiff cites no law in support of this argument. And none exists. The law that does exist is decidedly to the contrary. Both this Court and the Second Circuit have held that SLUSA's "in connection with" requirement is to be broadly construed and that the substance of any alleged misrepresentation or omission need not pertain to the covered security itself in order to satisfy that requirement. *See Rayner v. E*TRADE Fin. Corp.*, 248 F. Supp. 3d 497, 504 (S.D.N.Y. 2017) *aff'd*, 899 F.3d 117 (2d Cir. 2018) (holding the "in connection with" element was met and rejecting "plaintiff's contention that the fraudulent conduct did not affect the plaintiff's perceived value of the securities and thus affected only the plaintiff's decision regarding which broker to use, but not which securities to trade"); *Romano v. Kazacos*, 609 F.3d 512, 522 (2d Cir. 2010) (SLUSA precludes even "'garden variety' state negligence and breach of fiduciary duty claims' that '[did] not relate to the value of any given security'").

All that is required to meet SLUSA's "in connection with" element is that the alleged misrepresentation or omission "coincides" with the purchase or sale of a covered security.

3

*Zweiman v. AXA Equitable Life Ins. Co.*, 146 F. Supp. 3d 536, 549 (S.D.N.Y. 2015). An alleged omission "coincides" with the purchase or sale of a covered security if it "was 'material' to another individual's decision to 'purchase or s[ell]'" such security. *See Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 393 (2014); *Zweiman*, 146 F. Supp. 3d at 550 (holding the "in connection with" element was satisfied where plaintiff alleged defendants' failure to notify her was "material" and "crucial to her investment decision"); *Romano*, 609 F.3d at 522 (allegation that defendants' misrepresentations and omissions "induced" plaintiff to invest "satisfies § 10(b)'s 'in connection with' requirement."). This test is easily met here. The Amended Complaint repeatedly alleges that Defendants omissions were "material" to Plaintiff's decision to open a YES account, and "caused" him to invest in YES. (Am. Compl. ¶¶ 11, 25; *see also* ECF 39 at 1, 2 [February 2, 2022] Pl's. Pre-Hearing Letter to Woods (claiming Defendants' omissions "induce[d]" Plaintiff into investing in YES).) The Amended Complaint, thus, plainly alleges that Defendants' omissions "coincided" and were made "in connection with" the purchase or sale of covered securities.

Plaintiff's other primary SLUSA argument is premised on a fundamental misreading of the law. Citing *In re Kingate*, 784 F.3d 128 (2d Cir. 2015), Plaintiff argues that SLUSA does not bar his fiduciary duty claims because, according to Plaintiff, such "duty-based" claims do not require proof of "false conduct" by Defendants. (Opp. at 10.) *Kingate* stands for no such proposition. For one thing, *Kingate* did not suggest that SLUSA only applies to state law claims where "false conduct" is an essential element. To the contrary, the Second Circuit explained that SLUSA broadly bars any state law claim that meets its basic elements "notwithstanding that the claim asserts liability on the part of the defendant under a state law theory that does not include false conduct as an essential element." *In re Kingate*, 784 F.3d at 148–49. While the Court in *Kingate* held that SLUSA did not preclude the *specific* "Group 4" fiduciary duty claims asserted, that was

4

because there was no allegation that the named defendants there, as opposed to third parties, had made any misrepresentations or omissions in connection with such claims. *See id.* at 151–52.

The Second Circuit explained this very point in *Rayner v. E\*Trade Fin. Corp.*, 899 F.3d 117 (2d Cir. 2018), which directly refutes Plaintiff's proposed reading of *Kingate*. There, as here, the plaintiff argued that his claims for "breach of a non-fraud based fiduciary duty" were not barred by SLUSA because, "[a]s in *In re Kingate*, [his] claims do not require a showing of false conduct by the named defendants." *Id.* at 121. The Second Circuit rejected this argument as "meritless," explaining that "*Kingate* held that some of plaintiffs' breach of fiduciary duty claims were not precluded by SLUSA because the false conduct at issue in that case was committed by *third parties* rather than by defendants," but that "SLUSA's preclusion applies when the state law claim is predicated on conduct *of the defendant*." *Id.* (emphasis in original). Here, Plaintiff has alleged misrepresentations and omissions *by Defendants*, not third parties. (*See, e.g.*, Am. Compl. ¶ 10; *see also* Am. Compl. ¶ 25 ("The concealed facts alleged herein were material to Plaintiff's and the Class's decision to choose a YES account, entrust their assets to the YES Team, and pledge a Mandate upon which they would pay a flat fee.").) In the words of the *Rayner* Court, therefore, "SLUSA's preclusion applies" to Plaintiff's duty-based claims because those "state law claim[s] are predicated on conduct *of the defendant*." *Rayner*, 899 F.3d at 120–21 (emphasis in original).

Lastly, Plaintiff's opposition also suggests that the "in connection with" prong has not been met because the Amended Complaint no longer seeks "trading losses" and, instead, now only seeks to recover the "flat fees" UBS charged for YES. (*See, e.g.,* Opp. at 2.) While the opposition does not clearly set this forth as an affirmative argument, Plaintiff appears to be suggesting that, because the "flat fees" he seeks were charged "based on the size of the Mandate and regardless of whether or not there was any trading in the YES accounts," his claims as a whole were not "in connection

5

with the purchase or sale of a covered security." (*Id.* at 1–2.) If Plaintiff is actually asserting this argument, then it fails as well. Putting aside the fact that the "Mandate" that such fees were charged on is *directly* tied to the option trading in YES (as made clear in the ADV Amendment),[1] this argument must be rejected for the simple reason that the "in connection with" requirement does not turn on the type of relief a plaintiff seeks. *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25, 33 (2d Cir. 2005) ("[A] plaintiff who alleges the purchase and retention of securities in reliance on the misrepresentation but who forswears damages from the purchase . . . has still run afoul of SLUSA" because SLUSA is not limited to "merely claims seeking damages specifically traceable to the initial purchase") *rev'd on other grounds by* 547 U.S. 71 (2006).

## II. PLAINTIFF'S CLAIMS SEEK MONETARY RELIEF AND ARE, THUS, BARRED BY NEW YORK'S STATUTE OF LIMITATIONS.

Plaintiff does not deny that the relief he seeks, labels aside, is in fact monetary in nature. To be sure, Plaintiff's opposition admits that he is seeking "monetary damages" and "monetary relief." (*See* Opp. at 17.) This is dispositive. While Plaintiff offers explanations as to why he believes "the monetary relief claimed" here also "may be considered equitable," (*see id.* at 17–18), such efforts are meaningless. New York law is crystal clear that where, as here, the relief sought is "fundamentally monetary" in nature, a three-year limitations period applies and Plaintiff may not expand that period "by recasting" his claims as "equitable." *See Shak v. JPMorgan Chase & Co.*, 156 F. Supp. 3d 462, 479–80 (S.D.N.Y. 2016); *Access Point Med., LLC v. Mandell*, 963 N.Y.S.2d 44, 47 (1st Dep't 2013); *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 139–40 (N.Y. 2009). Plaintiff has no answer to this point and offers none in his opposition.

---

[1] The ADV Amendment makes clear that "the Mandate amount is the amount of collateral that you are willing to put at risk" through the option trading in the YES strategy. (ECF 52-3 at 4.)

Instead, Plaintiff argues that the Court should preclude Defendants from invoking a statute of limitations defense based on the doctrine of equitable estoppel.

Plaintiff does not come close to meeting the elements required for the "extraordinary remedy" of equitable estoppel. *Twersky v. Yeshiva University*, 993 F. Supp. 2d 429, 442 (S.D.N.Y.), *aff'd*, 579 F. App'x 7 (2d Cir. 2014). To do so, Plaintiff needed to allege that he was "induced by fraud, misrepresentations or deception to refrain from filing a timely action." *MBI Int'l Holdings Inc. v. Barclays Bank PLC*, 151 A.D.3d 108, 116–17, 57 N.Y.S.3d 119, 125–26 (1st Dep't 2017). Such fraud, misrepresentations, or deception "must be affirmative and specifically directed at preventing the plaintiff from bringing suit . . . ." *Twersky*, 993 F. Supp. 2d at 442.

Plaintiff has not plausibly alleged any fraud, misrepresentations or deception by Defendants that prevented him from filing this putative class action in a timely manner. Nor could he credibly do so, given that he did, in fact, timely file an arbitration action asserting similar claims against UBS that he subsequently withdrew. (Compl. ¶ 17; Am. Compl. ¶ 16.) To the contrary, the Amended Complaint (a) expressly disavows any allegation of "fraud [as] an essential or integral part of" such claims (Am. Compl. ¶ 56), and (b) contains no mention of any interaction with Defendants regarding whether, or when, this action should be filed. Thus, nothing in the Amended Complaint or Plaintiff's opposition comes close to satisfying the elements of a claim for equitable estoppel.

The only conduct Plaintiff points to in support of his equitable estoppel argument is the very same alleged failure to disclose that purportedly gives rise to his underlying claims for relief. (*See* Opp. at 16–17 (arguing that Plaintiff "could not have discovered" the allegedly omitted information "because Defendants did not comply with their mandated disclosure obligations").) In other words, the purported fraud and deception that supposedly prevented Plaintiff from timely

discovering his claims and, thus, entitled him to the "extraordinary remedy" of equitable estoppel, is the very same conduct that allegedly gives rise to Plaintiff's substantive causes of action. This is exactly what the law says is not allowed. *See Kaufman v. Cohen*, 307 A.D.2d 113, 122, 760 N.Y.S.2d 157, 167 (1st Dept. 2003) ("plaintiffs may not avail themselves of the [equitable estoppel] doctrine here" where "it is the very same wrongful act—[Defendant's] misrepresentation and intentional concealment concerning the opportunity to reacquire an interest in the Falchi Building—which forms the basis of both the equitable argument and the underlying claims for fraud and breach of fiduciary duty"); *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 789 (2012) (equitable estoppel does not apply where the "alleged concealment consisted of nothing but defendants' failure to disclose the wrongs they had committed").

Because Plaintiff has no basis to invoke equitable estoppel, his claims are subject to and barred by New York's three year statute of limitations. N.Y. C.P.L.R. § 214(4). Given that Plaintiff opened his YES account on August 29, 2017, and paid his first account management fee in October 2017, Plaintiff's claims should have been brought no later than October 2020. (Opp. at 3–4.) Plaintiff did not file this action, however, until December 5, 2021—more than one year too late. Consequently, the Amended Complaint is time barred and must be dismissed. *See Levy v. BASF Metals Ltd.*, 1:15-cv-7317-GHW, 2017 U.S. Dist. LEXIS 89098, 2017 WL 2533501, at *9 (S.D.N.Y. June 9, 2017) (Woods, J.), *aff'd*, 917 F.3d 106 (2d. Cir. 2019).

## III. PLAINTIFF FAILS TO STATE A VIABLE CLAIM FOR RELIEF.

Plaintiff likewise has no real answer to UBS's point that the Amended Complaint fails to state a claim because the specific information that Defendants purportedly omitted—i.e., the existence of a private employment arbitration between the YES Team and their former employer, Credit Suisse, and certain allegations made therein—was not material information that Defendants had any duty to disclose in the first place.

8

Plaintiff claims in his opposition that there are "an array of obligations" that impose such a duty upon Defendants, but only purports to identify one such obligation. According to Plaintiff, the omitted information concerning the private arbitration between the YES Team and Credit Suisse constitutes "*material information*" that Defendants were obligated, but failed, to disclose in "*violation of section 206 of the Advisers Act*." (Opp. at 21 (emphasis in original).)

The only thing Plaintiff cites in support of that contention is a snippet from the discussion of "Disciplinary Events" in Item 9 of SEC Release IA-3060, which states that registered investment advisers should disclose as part of Form ADVs provided to investors "any legal or disciplinary event that is material to a client's (or prospective client's) evaluation of the integrity of the advisor or its management personnel." (*See* Opp. at 20.) SEC Release IA-3060 does not help Plaintiff's cause. It serves only to makes clear that allegations made in private arbitration—like those at issue here—are *not* the sorts of "legal or disciplinary events" that must be disclosed. For starters, SEC Release IA-3060 expressly states that Item 9 does "not [] require disclosure of arbitration awards." (*See* ECF 55-1 at 25.) If final arbitration awards are not required to be disclosed, it stands to reason that allegations made in arbitrations—which is all that Plaintiff complains about here—would not need to be disclosed. Plaintiff's only response to this point is to claim that this exclusion was intended to apply only to "consumer/customer arbitrations," but not the arbitration between YES Team and Credit Suisse. (Opp. at 21.) Once again, Plaintiff cites no support for that proposition. (*Id.*) And, once again, there is none. SEC Release IA-3060 certainly draws no such distinction.

Apart from the language in SEC Release IA-3060 excluding "arbitration awards," the plain text of Item 9 itself also belies any claim that it was meant to require the disclosure of allegations in private arbitrations. Indeed, as Plaintiff acknowledges, Items 9(A)–(C) contain an illustrative

9

list of "Disciplinary Events" that are "presumptively material" and should be disclosed. (*Id.*) What Plaintiff does not mention is that this list of "presumptively material" disciplinary events consists entirely of either (1) *criminal* proceedings, convictions, or guilty pleas involving wrongdoing related to an "*investment-related*" business, or (2) *final* orders, judgments, or decrees in select civil proceedings where the investment adviser was actually "found" to have engaged in some "*investment-related*" misconduct. (*See* ECF 55-1 at 26–27.) The unproven allegations that Plaintiff claims Defendants should have disclosed here are not final "findings." Even if they were, they have nothing to do with any "investment-related" misconduct.

Outside of Item 9 and SEC Release IA-3060, Plaintiff has not identified any other basis for his assertion that the omitted information here constitutes material information that Defendants had any duty to disclose. (*See generally id.*) Tellingly, Plaintiff's opposition does not cite a single case from any jurisdiction where any court has ever held that any investment adviser, broker dealer, or financial advisor had any duty, fiduciary or otherwise, to disclose the existence of any similar unproven allegations made in an unrelated private arbitration. (*Id.*) No such case exists because no such duty exists. Thus, Plaintiff has failed to plead any actionable omission and his omission-based claims must be dismissed. *See City Trading Fund v. Nye*, 72 N.Y.S.3d 371, 393–94 (Sup. Ct. 2018) ("A plaintiff who does not plead a material misstatement or omission will have its disclosure claims dismissed on a pre-answer motion").

## **CONCLUSION**

Based on the foregoing, together with the reasons set forth in Defendants' opening memorandum, Defendants respectfully request that the Court dismiss the Amended Complaint in its entirety with prejudice.

Dated: June 2, 2022                    Respectfully submitted,

                                             LATHAM & WATKINS LLP

                                             By:  s/ *Kuangyan Huang*
                                                  Joseph Serino, Jr.
                                                  Kuangyan Huang
                                                  1271 Avenue of the Americas
                                                  New York, New York 10020-1401
                                                  Telephone:  (212) 906-1200
                                                  Facsimile:  (212) 751-4864
                                                  joseph.serino@lw.com
                                                  kuan.huang@lw.com

                                               *Attorneys for Defendants*