

**KIRBY McINERNEY LLP**

250 Park Avenue, Suite 820, New York, NY 10177

Tel. 212.371.6600   Fax. 212.751.2540

WWW.KMLLP.COM

# MEMORANDUM ENDORSED

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/5/2022
```

June 8, 2022

**VIA ECF**

Honorable Gregory H. Woods
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 12C
New York, NY 10007-1312

  Re: *Dumontet v. UBS Financial Services, et al.*, 21 Civ. 10361-GHW-GWG

Dear Judge Woods:

  Plaintiff Christian Dumontet ("Plaintiff") respectfully submits this letter motion and hereby moves pursuant to Section 21.7 of the Court's Electronic Case Filing Rules ("Section 21.7") to keep the temporarily sealed documents, ECF Nos. 51, 52-15, 52-17 and 45-5, permanently under seal and to substitute those documents with redacted versions on the public docket. Plaintiff further requests that the viewing level of the sealed documents be restricted to Selected Parties: all attorneys for all case participants, all pro se parties, and all court personnel. Pursuant to Section 21.7, copies of the proposed redacted versions of the mistaken filings are filed contemporaneously herewith. Defendants do not oppose this letter motion.

  Rule 4.A.i of Judge Gregory H. Woods' Individual Rules of Practice in Civil Cases provides "Other information that should be treated with caution and may warrant a motion for approval of sealed or redacted filing includes: personal identifying numbers (PIN numbers); medical records, treatment and diagnosis; employment history; **individual financial information**; proprietary or trade secret information; home addresses; and information regarding an individual's cooperation with the government." (emphasis added). The individual financial information of Plaintiff in ECF No. 51 at 11, ECF No. 52-15 at 3, ECF No. 52-17 at 4 and ECF No. 45-5 at 3 which Plaintiff seeks to redact and keep under seal on the public docket is Plaintiff's net worth, liquid assets and annual income ("Individual Financial Information"). Pursuant to Rule 4.A.ii, the Individual Financial Information sought to be publicly redacted and permanently sealed is narrowly tailored to serve Plaintiff's privacy interest which justifies the redaction and sealing and is otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

  *Lugosch*, 435 F. 3d at 119-20, states that "[o]nce the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption. '[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the

federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'" "[A]fter determining the weight of the presumption of access, the court must 'balance competing considerations against it.' . . . Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.* (internal citations omitted).

Plaintiff does not believe that the lack of public access to the Individual Financial Information will directly affect the Court's adjudication on the pending Motion to Dismiss, ECF 51, nor will it impair law enforcement or judicial efficiency. Plaintiff asserts that his privacy interests outweigh public disclosure of the Individual Financial Information. Plaintiff's request to permanently seal the publicly filed documents containing the Individual Financial Information and submit redacted versions is narrowly tailored to take into account a balancing of the public's right to access and Plaintiff's privacy interest.

In accordance with Rule 4.A.ii, Plaintiff and Defendants conducted a telephone meet and confer on May 10, 2022. Defendants do not oppose this letter motion. The proposed documents have already been filed on the public docket and have temporarily been placed under seal by the Southern District of New York's ECF Help Desk. Plaintiff requests that these documents be permanently sealed from the public docket and substituted with redacted versions, filed contemporaneously herewith.

Plaintiff respectfully requests that the Court grant his letter motion to permanently seal ECF No. 51, ECF No. 52-15, ECF No. 52-17 and ECF No. 45-5 from the public docket and substitute them with the contemporaneously filed redacted copies which redact the Individual Financial Information.

Respectfully submitted,

**KIRBY McINERNEY LLP**

/s/ *Ira M. Press*
Ira M. Press
Nicole A. Veno
250 Park Avenue, Suite 820
New York, New York 10177
Tel:   (212) 371-6600
Email: ipress@kmllp.com
           nveno@kmllp.com

*Liaison Counsel for Plaintiff Christian Dumontet and the Proposed Class*

**BERGER MONTAGUE PC**
Michael Dell'Angelo
Barbara A. Podell
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel:   (215) 875-3000

Email: mdellangelo@bm.net
bpodell@bm.net

*Counsel for Plaintiff Christian Dumontet and the Proposed Class*

cc:  All Counsel of record (via ECF)

Application granted.  In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing.  *See* 952 F.3d 51, 59 (2d Cir. 2020).  First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process."  *Id.* (quotation omitted).  Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'"  *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)).  "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'"  *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).  "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access."  *Id.*

Having evaluated these factors, the motion to seal is granted.  The documents sought to be sealed are judicial documents.  However, the weight of the presumption is low; the information sought to be sealed is limited to personal financial information that is unlikely to have any significance for the Court in considering the pending motion to dismiss.  The factors that counsel against disclosure described in this letter—principally the privacy interests of Plaintiff—outweigh the public's interest in disclosure of the redacted information at this time.  As a result, the motion to seal is granted with respect to the specified redactions.  This determination is made only with respect to the information at issue at this stage of the case and on this record.

The Clerk of Court is directed to restrict the viewing level to the identified docket numbers to the Court and parties only.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 57.

SO ORDERED.

Dated:  July 5, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge