

**MICHAEL C. DELL'ANGELO** / *EXECUTIVE SHAREHOLDER*
d 215.875.3080  m 610.608.8766 | mdellangelo@bm.net

July 8, 2022

**VIA ECF**

Gregory H. Woods, United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

      Re:    *Dumontet v. UBS Financial Services, et al.*,
              **Case No. 1:21-cv-10361-GHW-GWG**

Dear Judge Woods:

We represent Plaintiff Christian Dumontet and the proposed class in the above referenced class action ("Class Action").

Attached is a copy of the U.S. Securities and Exchange Commission's ("SEC") June 29, 2022 Order Instituting Administrative and Cease-and-Desist Proceedings, Pursuant to Sections 15(b) of the Securities Exchange Act of 1934 and Sections 203(e) and 203(k) of the Investment Advisers Act of 1940, Making Findings, and Imposing Remedial Sanctions and a Cease-and-Desist Order ("Order") in Administrative Proceeding No. 3-20912, captioned *In the Matter of UBS Financial Services Inc.* ("Administrative Proceeding"). The Respondent in the Administrative Proceeding is UBS Financial Services, Inc. ("UBS"), a Defendant in the Class Action, was found to have violated the Investment Advisers' Act of 1940 ("Advisers' Act") in connection with UBS' Yield Enhancement Strategy ("YES"). Among the remedial sanctions ordered by the SEC are a censure of UBS and an order requiring UBS to pay disgorgement, prejudgment interest and civil penalties totaling $24.6 million. UBS consented to the Order without admitting or denying the findings. Order, ¶ II.

The Order does not address the arguments in the pending motion to dismiss the Complaint. ECF Nos. 51, 54, and 56. However, the Order and the operative Amended Class Action Complaint ("Complaint") in the Class Action allege separate violations by UBS of the Advisers' Act arising out of YES.

The Complaint alleges that "UBS and the YES Team solicited Plaintiff and the Class to open the YES accounts and to collect flat fees from them without complying with their affirmative and ongoing fiduciary obligations of utmost good faith and full disclosure to disclose material information that impacted their integrity imposed by rules and regulations of the Securities and

1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103
215.875.3000 | **BERGERMONTAGUE.COM**



Exchange Commission ("SEC"), the Financial Industry Regulatory Authority ("FINRA"), and pursuant to the Investment Advisers Act of 1940. The integrity and honesty of financial advisers is presumptively material to their clients." ECF 46, ¶ 2. *See* ECF 46, ¶ 11. *See also* ECF 46, ¶¶ 9, 29.

In the Order, the SEC found that in connection with YES, "UBS willfully violated Section 206(2) of the Advisers Act which makes it unlawful for any investment adviser, directly or indirectly, to 'engage in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client.'" As a result, UBS also "willfully violated Section 206(4) of the Advisers Act and Rule 206(4)-7 thereunder, which require a registered investment adviser to adopt and implement written compliance policies and procedures reasonably designed to prevent violations of the Advisers Act and the rules thereunder." Order, ¶ 19.

Respectfully submitted,

Michael C. Dell'Angelo

cc: All Counsel of record (via ECF)