Kuangyan Huang
Direct Dial: 212.906.1254
Kuan.Huang@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

**LATHAM & WATKINS LLP**

July 18, 2022

**VIA ECF**
Hon. Gregory H. Woods
United States Courthouse
500 Pearl Street, Courtroom 12C
New York, New York 10007-1312

Re: *Dumontet v. UBS Financial Services Inc., et al.*, 21 Civ. 10361-GHW-GWG

Dear Judge Woods:

Defendants write with two points in response to Plaintiff's attempt to supplement the motion-to-dismiss record with a Consent Order between UBS and the SEC. (Plaintiff's Letter, ECF 62 and Consent Order, ECF 62-1.) First, the Consent Order is "inadmissible as evidence of liability," *In re OSG Sec. Litig.*, 12 F. Supp. 3d 619, 621 (S.D.N.Y. 2014), and "can not be used as evidence in subsequent litigation," *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). This is so because, as Plaintiff concedes, "UBS consented to the Order without admitting or denying" its findings. (Plaintiff's Letter, ECF 62 at 1.)

Second, the Consent Order is not relevant to this dispute. By Plaintiff's own admission, "[t]he Order *does not address* the arguments in the pending motion to dismiss the Complaint" and "the operative Amended Class Action Complaint in the Class Action allege[s] *separate* violations" from those at issue in the Consent Order. (Plaintiff's Letter, ECF 62 at 1 (emphasis added).)

There is good reason for Plaintiff's admission. This dispute is about alleged omissions in written disclosures to YES investors, but the Consent Order contains no findings, much less adverse ones, with respect to such disclosures. The sole violation at issue in the Consent Order concerns the alleged negligent training of certain financial advisors between February 2016 and March 2017. (Consent Order, ECF 62-1 at 2.) The SEC found no issue regarding the training of financial advisors who came to UBS from Credit Suisse – like Plaintiff's financial advisor here – because such advisors "generally understood the significant downside risks of YES." (*Id.* at 3). In addition, the relief in the Consent Order applies only to certain YES accounts opened before March 2017, while Plaintiff's account was opened in August 2017.

Defendants would be pleased to address any question Your Honor may have about the Consent Order.

Respectfully submitted,

/s/ Kuangyan Huang
Kuangyan Huang

*Counsel for Defendants*

cc: All counsel of record (via ECF)